ALEJO FAUDOA v. THE STATE.

No. 4632. Decided October 17, 1917.

Theft From Person—Principals—Insufficiency of the Evidence.

Where, upon trial of theft from the person, defendant was jointly indicted with another who was seen to have taken the alleged property, but there was no evidence that the defendant said or did anything whatever before, at the time of, or after the taking in connection with his companion so as to show that he was a principal with the other, the conviction could not be sustained.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of theft from the person; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sydney Smith,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—E. Prieto and appellant were jointly indicted for theft from the person of Babe Harris. They severed and appellant was convicted.

Babe Harris, a woman, and her companion were together on the streets of El Paso. She held in her hand her purse with some money and other property in it. Prieto and appellant, it seems, walked up some stairs, out of a club room on to the street where Babe Harris and her companion were. Prieto snatched her purse and ran. She and her companion gave chase but failed to catch him. Some thirty minutes later appellant was arrested. Prieto fled to New Mexico and was arrested later and brought back from there. Appellant was tried as a principal with Prieto. The evidence wholly fails to disclose that he said or did anything whatever before, at the time of or after in connection with Prieto so as to show he was a principal with Prieto. The sole fact shown was that the two walked up out of the club room just before Prieto snatched Babe Harris' purse. The two persons were not shown to have been acquainted with one another, or to have been together before they walked up out of a club room or after that. When appellant was arrested some half hour later he had just had a $10 bill changed and had $9 in change on his person at the time. The $10 bill and none of the money that he had on him was of the character or denomination of the money that was snatched by Prieto from Babe Harris.

The evidence is wholly insufficient to authorize appellant's conviction. Unless the State, by additional testimony, connects appellant with Prieto in the theft in such a way as to make him a principal with Prieto the court should instruct his acquittal. He may be guilty but the evidence in this case wholly fails to show it.

The judgment is reversed and remanded.

*Reversed and remanded.*